# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DAVID JOHN ROYDHOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-CV-36-ACL |
| | ) | |
| CITY OF CAPE GIRADREAU | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of David Roydhouse for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay the filing fee, and therefore, the motion will be granted. Furthermore, for the reasons set forth below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis

in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendant is the City of Cape Girardeau Police Department. Plaintiff alleges that he was denied medical care and his prescription drugs while confined for ten days at the Cape Girardeau City Jail.

**Discussion**

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous, because police departments are not suable entities under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *see also De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at *1

(8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983); *Crigler v. City of St. Louis*, 767 F.Supp. 197, 198 (E.D. Mo. 1991) ( "St. Louis Police Department" is not a suable entity).  For this reason, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED as moot**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of April, 2014.

/s/Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**